UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PORTAGE THEATER L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY,<br><br>Defendants | Case No.: 1:22cv04844<br><br>Judge Gary Feinerman |

**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Defendant/Counter-Plaintiff, General Star Indemnity Company, by its attorneys, Lewis Brisbois Bisgaard & Smith, LLP, and pursuant to Fed.R.Civ.P. 33, hereby propounds the following Interrogatories upon Plaintiff/Counter-Defendant to be answered in writing and under oath within twenty-eight (28) days hereof. These Interrogatories incorporate the following instructions and definitions:

**INSTRUCTIONS**

1. Each interrogatory shall be answered completely, separately and fully.

2. Any word written in singular shall be construed as plural and any word written in the plural shall be construed as singular where necessary to facilitate complete answers.

3. In answering each Interrogatory, identify each document which is relied upon, which forms the basis for the answer given, or which corroborates the answer given of the substance of what is given.

**EXHIBIT A**

4. Where information is requested, the request includes information in your possession, custody, or control or in the possession, custody or control of your present or former employees, directors, officers, attorneys, representatives, agents, and persons consulted concerning any factual matters or matters of opinion unless privileged or otherwise protected under the rules applicable to these Interrogatories, or otherwise unavailable to you.

5. Where facts set forth in your answers or portions thereof are supplied upon information and belief rather than actual knowledge, so state and specifically describe or identify the source or sources of such information and belief. If any estimate can reasonably be made in place of unknown information, set forth your best estimate, clearly designated as such, in place of unknown information, and describe the basis upon which the estimate is made.

6. If you cannot answer any of the Interrogatories in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and describing what you did in attempting to secure the unknown information.

7. If any information or document request is claimed to be immune from discovery on the grounds of privilege or otherwise, identify:

(a) The author(s), addressee(s), recipient(s) or distributee(s), title, type of document (e.g., memorandum, letter or report), present custodian, location and date of all such information or documents;

(b) All other persons who have seen or learned of all or part of any such information or documents;

(c) The method by which, and reasons why, each such person obtained access to such information or documents;

(d) A description of each subject discussed, described or referred to in such information or document; and

(e) The specific type of privilege or other reason asserted for withholding the requested information.

## DEFINITIONS

Unless otherwise clearly indicated by the context thereof, the following definitions apply wherever the defined word appears in these Requests, except as otherwise indicated.

1. "You", "Your", or "Portage Theater" refers to Plaintiff Portage Theater L.L.C. , and includes its present and former owners, members, managers, partners, officers, directors, trustees, agents, employees, predecessors, successors, attorneys, associates, managers, agents, representatives, and any other persons or entities acting or purporting to act on behalf of Portage including, but not limited to Manuel Gliksberg, James Doherty, Bayit Builders L.L.C., and/or Avra Properties, L.L.C.

2. The "Insured Premises" means the building located at 4050 N. Milwaukee Avenue and known as "the Portage Theater."

3. "General Star" refers to General Star Indemnity Company and includes its present and former owners, members, managers, partners, officers, directors, trustees, agents, employees, predecessors, successors, attorneys, associates, managers, agents, representatives, and any other persons or entities acting or purporting to act on behalf of General Star.

4. "L.J. Shaw " refers to L.J. Shaw & Company and includes its present and former owners, members, managers, partners, officers, directors, trustees, agents, employees, predecessors, successors, attorneys, associates, managers, agents, representatives, adjusters and any other persons

or entities acting or purporting to act on behalf of L.J. Shaw & Company including, but not limited to, Michael Schwartz.

5. "Olson Insurance" refers to Olson Insurance Group, and includes its present and former owners, members, managers, partners, officers, directors, trustees, agents, employees, predecessors, successors, attorneys, associates, managers, agents, representatives, adjusters and any other persons or entities acting or purporting to act on behalf of Olson Insurance Group.

7. "Wind Damage Claim" refers to the claim submitted by Portage Theater to General Star for loss and damage to the roof of the Insured Premises caused by a windstorm that occurred on August 10, 2020.

8. "Water Damage Claim" refers to the claim submitted by Portage Theater to General Star for loss and damage caused by water that infiltrated the Insured Premises.

9. "Document" shall mean any writing, graphic matter or other tangible thing, whether printed, recorded, produced by process or written or produced by hand, including but not limited to letters, reports or other written communication, correspondence, telefaxes, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, electronic transmissions, e-mail notes, calendars, travel records or itineraries, forecasts, analyses, projections, work papers, photographs, tape recordings, videotapes, DVDs, CD-Roms, models,. statistical statements, graphs, minutes or records of conferences or meetings, expression or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries, opinions or reports of consultants, appraisals, audits, evaluations, records, post-it notes, contracts, agreements, leases, loan agreements, insurance policies, brochures, pamphlets, advertisements, circulars, trade letters, press releases, invoices, receipts, billings, including preliminary drafts or revisions or copies of any of the foregoing that is in any way different from the original in your possession, custody or control, or in the

possession, custody or control of your counsel, agents, representatives, accountants, employers, and/or any other person acting on your behalf. As used herein "control" means the actual possession, constructive possession, beneficial ownership, power to obtain and the ability to control any document.

10. "Communication" means any disclosure, transfer, or exchange of information or opinion, however made, whether by speech, writing, phone, email, facsimile or other means of transmission.

11. "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all documents which might otherwise be construed outside their scope.

12. "Regarding," "relating to," and "with respect to" each means directly or indirectly mentioned or describing, pertaining to, being connected with, arising out of, or reflecting upon a stated subject matter.

13. The term "all" means any and all, and the term "any" likewise means any and all.

14. "Identify" means:

(a) When used in reference to a person, to state his or her:

i. Full name(s), present or last known home and business address, including street name and number, city or town and zip code;

ii. Present or last known position, job title and job description; and

iii. Present or last known home and business phone number;

(b) When used in reference to any entity other than a person including but not limited to companies, corporations, partnerships, associations, joint

ventures, trusts, estates, governmental bodies, public agencies, departments, bureaus, and boards, to state its:

i. Full name and type of organization or entity;

ii. Address of principal place of business; and

iii. Jurisdiction and date of incorporation of organizations, if known.

(c) When used in reference to documents, as defined here, to state:

i. The name and date of the document; the name and address of the person or persons originating the document; the name and address of the person or persons to whom the document is addressed; the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the documents;

ii. Whether you are in possession of or have had under your control the original or a copy of the document, and, if not in possession of an original or copy, the name and address of the custodian of each original copy and the name and address of each person you believe is in possession of the original or copy of such document;

iii. The general nature of the document.

(d) When used in reference to conversations, to state the date and place and approximate time of day of the conversation, the identity of all persons in attendance, the subject matter and reason for the conversation, the statements made by each person, including the context in which they were

made and the identity of any writings or recordings which exist relating thereto.

(e) When used in reference to any other item or information, a particular description of the same.

## INTERROGATORIES

1. Please identify the person answering these interrogatories and all persons who provided information included in those answers.

**ANSWER:**

2. Please identify all persons who participated in the reporting, preparation, and/or presentation of the claims Portage Theater submitted to General Star.

**ANSWER:**

3. Please state the date on which Portage Theater first became aware of wind damage to the roof of the Insured Premises caused by the August 10, 2020 derecho.

**ANSWER:**

4. Please state the date on which the Wind Damage claim was reported to General Star by Portage Theater, and the method of notice.

**ANSWER:**

5. Please state the date on which Portage Theater first became aware of the damage or loss to the Insured Premises that is the subject of the Water Damage claim.

**ANSWER:**

6. Please state the date on which the Water Damage claim was reported to General Star by Portage Theater, and the method of notice.

**ANSWER:**

7. Please identify all communications between Portage Theater and L.J. Shaw related to the Wind Damage Claim.

**ANSWER:**

8. Please identify all communications between Portage Theater and L.J. Shaw related to the Water Damage Claim.

**ANSWER:**

9. Please identify all communications between Portage Theater and General Star between 2018 and the present.

**ANSWER:**

10. Please identify all communications between Portage Theater and Olson Insurance Group between 2018 and the present.

**ANSWER:**

11. Please identify all communications between Portage Theater and Tilden Roofing between 2018 and the present.

**ANSWER:**

12. Please state the date Perez Roofing first began repairs to the roof of the Insured Premises, and the date the repairs were completed.

**ANSWER:**

13. Please identify each and every measure taken to protect the Insured Premises from August 10, 2020 to July 26, 2021.

**ANSWER:**

14. With respect to Portage Theater's claim that it placed tarps on the roof after the August 10, 2020 derecho storm, please state: (a) the date tarps were placed on the roof; (b) the date(s), if any, that the tarps were replaced and/or resecured; (c) on what date the tarps were removed; and (d) the name and address of each and every person who worked or assisted in placing, replacing, resecuring or removing the tarps on the roof.

**ANSWER**:

15. Please state whether any building code violations have been issued with respect to the property at 4050 N. Milwaukee Avenue or 4054 N. Milwaukee Avenue by the City of Chicago from 2018 to the present. If yes, for each, please identify: (a) the date of such violation(s); (b) the nature of such violation; (c) the date of correction of the violation, if applicable.

**ANSWER:**

16. Please state whether Portage Theater, or anyone on its behalf, has applied for any grants or taxpayer increment funding from 2018 to the present. If yes, please identify all documents and communications relating to such application.

**ANSWER:**

17. Please state whether Portage Theater, or anyone on its behalf, has obtained any grants or taxpayer increment funding from 2018 to the present. If yes, please identify all documents and communications relating to such grants or funding.

**ANSWER:**

18. Please identify any and all exterior or interior renovations, repairs, alterations, renovation, or other work performed at the Insured Premises between 2018 and the present.

**ANSWER:**

19. Please identify any and all insurance policies issued to Portage Theater or other entity that provided insurance coverage for the Insured Premises from 2018 to the present.

**ANSWER:**

By: /s/ *Michelle M. Bracke, Esq.*

Michelle M. Bracke
LEAHY EISENBERG & FRAENKEL LTD.
33 W. Adams Street
Suite 1100
Chicago, Illinois 60603-5317
Ph: 312.368.4554
mmb@lefltd.com
Chicago, Illinois 60661

Attorney for Defendant

Dated this 7th day of November, 2022

**CERTIFICATE OF SERVICE**

The undersigned states that on November 7th, 2022, she caused to be served a copy of the foregoing to all parties listed below by email transmission before the hour of 5:00 p.m. from 550 W. Adams Street, Chicago, IL 60661.

Robin Letchinger, Esq.
Peter G. Danos, Esq.
Croke Fairchild Duarte & Beres
180 N. LaSalle Street
Suite 2750
Chicago, Illinois 60601
rletchinger@crokefairchild.com
pdanos@crokefairchild.com

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PORTAGE THEATER, L.L.C.,<br><br>Plaintiff,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY,<br><br>Defendants. | Case No.: 1:22cv04844<br><br>Judge Gary Feinerman |

**DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

NOW COMES Defendant/Counter-Plaintiff, General Star Indemnity Company ("General Star") by and through its attorneys and pursuant to Fed.Rule Civ.P. 34, and requests that Plaintiff/Counter-Defendant, Portage Theater L.L.C. produce the following documents at Leahy Eisenberg & Fraenkel, 30 W. Adams Street, Suite 1100, Chicago, Illinois, 60603, within thirty (30) days:

**INSTRUCTIONS**

1. If in your possession, custody or control, produce the originals of all documents called for, as well as any and all copies of the documents called for, as well as any and all copies of the documents which bear any mark or notation not present on the original.

2. If you once had any documents called for herein which have since been destroyed or otherwise disposed, so indicate and describe the documents by author(s), addressee(s), recipient(s) or distributee(s), title, type of document (e.g., memorandum, letter or report) and date of all such documents.

3. If you once had any documents called for herein, but no longer do, so indicate and describe the documents by author(s), addressee(s), recipient(s) or distributee(s), title, type of document (e.g., memorandum, letter or report) and date of all such documents, and indicate the name and address of the person or entity who has possession, control, or custody, or who was last known to have possession, control or custody of the document.

4. This request is a continuing request for all documents that are now within or may hereafter come into your actual or constructive possession, custody or control and shall include documents generated, created, prepared or received through the date of compliance with this request or trial, whichever is later, unless otherwise stated.

5. If any document requested is claimed to be immune from discovery on the grounds of privilege or otherwise, identify:

(a) The author(s), addressee(s), recipient(s) or distributee(s), title, type of document (e.g., memorandum, letter or report), present custodian, location and date of all such documents;

(b) All other persons who have seen or learned of all or part of any such documents;

(c) The method by which, and reasons why, each such person obtained access to such documents;

(d) A description of each subject discussed, described or referred to in such document;

(e) The identity of each person or persons (other than stenographic or clerical assistance) participating in the preparation of the documents; and

(f) The specific type of privilege or other reason asserted for withholding the requested document.

6. All documents produced in response to this request shall be produced in total, notwithstanding the fact that portions may contain information not requested.

7. For any documents that are stored or maintained in files in the normal course of business, such documents shall be produced in such files, or in such a manner so as to preserve and identify the file from which such documents were taken.

**DEFINITIONS**

Unless otherwise clearly indicated by the context thereof, the following definitions apply wherever the defined word appears in these Requests, except as otherwise indicated.

1. "You", "Your", or "Portage Theater" refers to Plaintiff Portage Theater L.L.C., and includes its present and former owners, members, managers, partners, officers, directors, trustees, agents, employees, predecessors, successors, attorneys, associates, managers, agents, representatives, and any other persons or entities acting or purporting to act on behalf of Portage Theater including, but not limited to Manuel Gliksberg, James Doherty, Bayit Builders L.L.C., and/or Avra Properties L.L.C.

2. The "Insured Premises" means the building located at 4050 N. Milwaukee Avenue and known as "the Portage Theater."

3. "General Star" refers to General Star Indemnity Company and includes its present and former owners, members, managers, partners, officers, directors, trustees, agents, employees, predecessors, successors, attorneys, associates, managers, agents, representatives, and any other persons or entities acting or purporting to act on behalf of General Star.

4. "L.J. Shaw " refers to L.J. Shaw & Company and includes its present and former owners, members, managers, partners, officers, directors, trustees, agents, employees, predecessors, successors, attorneys, associates, managers, agents, representatives, adjusters and any other persons or entities acting or purporting to act on behalf of L.J. Shaw & Company, including but not limited to Michael Schwartz.

5. "Olson Insurance" refers to Olson Insurance Group, and includes its present and former owners, members, managers, partners, officers, directors, trustees, agents, employees, predecessors, successors, attorneys, associates, managers, agents, representatives, adjusters and any other persons or entities acting or purporting to act on behalf of Olson Insurance Group.

6. "Wind Damage Claim" refers to the claim submitted by Portage Theater to General Star for loss and damage to the Insured Premises caused by a windstorm that occurred on August 10, 2020.

7. "Water Damage Claim" refers to the claim submitted by Portage Theater to General Star for loss and damage caused by water that infiltrated the Insured Premises.

8. "Document" shall mean any writing, graphic matter or other tangible thing, whether printed, recorded, produced by process or written or produced by hand, including but not limited to letters, reports or other written communication, correspondence, telefaxes, telegrams, memoranda, summaries, records of oral conversations, original or preliminary notes, electronic transmissions, e-mail notes, calendars, travel records or itineraries, forecasts, analyses, projections, work papers, photographs, tape recordings, videotapes,. DVDs, CD-Roms, models, statistical statements, graphs, minutes or records of conferences or meetings, expressions or statements of policy, lists of persons attending meetings or conferences, reports and/or summaries, opinions or reports of consultants, appraisals, audits, evaluations, records, post-it

notes, contracts, agreements, leases, loan agreements, insurance policies, brochures, pamphlets, advertisements, circulars, trade letters, press releases, invoices, receipts, billings, including preliminary drafts or revisions or copies of any of the foregoing that is in any way different from the original in your possession, custody or control, or in the possession, custody or control of your counsel, agents, representatives, accountants, employers, and/or any other person acting on your behalf. As used herein "control" means the actual possession, constructive possession, beneficial ownership, power to obtain and the ability to control any document.

9. "Communication" means any disclosure, transfer, or exchange of information or opinion, however made, whether by speech, writing, phone, email, facsimile or other means of transmission.

10. "And" as well as "or" shall be construed disjunctively as well as conjunctively as necessary in order to bring within the scope of the following requests all documents which might otherwise be construed outside their scope.

11. "Regarding," "relating to," and "with respect to" each mean directly or indirectly mentioned or describing, pertaining to, being connected with, arising out of, or reflecting upon a stated subject matter.

12. The term "all" means any and all, and the term "any" likewise means any and all.

## DOCUMENT REQUESTS

1. Please produce any and all documents or communications referred to in Portage Theater's responses to General Star's First Set of Interrogatories, or reviewed or relied upon in answering General Star's First Set of Interrogatories.

2. Please produce any and all documents related to the Wind Damage Claim including, but not limited to, correspondence, communications, notes, photographs, estimates, analyses, reports, valuations, proposals, invoices, bills, receipts, or calculations.

3. Please produce any and all documents related to the Water Damage Claim including, but not limited to, correspondence, communications, notes, photographs, estimates, analyses, reports, valuations, proposals, invoices, bills, receipts, or calculations.

4. Please produce any and all communications between Portage Theater and Bayit Builders.

5. Please produce any and all communications between Portage Theater and L.J. Shaw.

6. Please produce any and all insurance policies issued to Portage Theater L.L.C. and/or insuring the Insured Premises from 2018 to the present.

7. Please produce any and all documents related to obtaining insurance coverage for the Insured Premises from 2018 to the present including, but not limited to, correspondence, applications, binders, valuations and proposals.

8. Please produce any and all communications between Portage Theater L.L.C. and The Olson Group related to the Insured Premises between 2018 and the present.

9. Please produce any and all documents or communications related to grants, tax increment financing or other potential or actual funding for the Insured Premises including, but not limited to, any documents or communications identified in response to General Star's First Set of Interrogatories ¶¶16-17

10. Please produce any and all documents or communications related to any and all building code violations issued at 4050 N. Milwaukee Avenue or 4054 N. Milwaukee Avenue

from 2018 to the present, including, but not limited to, any documents or communications identified in response to General Star's First Set of Interrogatories ¶15.

11. Please produce any and all documents related to the purported placement of tarps on the roof at the Insured Premises in August of 2020 including but not limited to any and all receipts, bills, invoices, photographs, video, checks, timesheets or payroll records.

12. Please produce any and all proposals, estimates, invoices, reports, bills, or receipts for work performed or proposed at the Insured Premises from 2018 to the present including, but not limited to, any documents or communications identified in response to General Star's First Set of Interrogatories ¶18.

13. Please produce any and all communications between Portage Theater and any roofing company, including but not limited to Tilden Roofing and Perez Roofing.

14. Please produce any and all documents or communications related to any lawsuits filed with respect to the Portage Theater from 2018 to the present including, but not limited to the action filed by the City of Chicago in the First Municipal District for Cook County, case no. 2021MI400464.

By: /s/ *Michelle M. Bracke, Esq.*

Michelle M. Bracke, Esq.
LEAHY EISENBERG & FRAENKEL LTD.
33 West Monroe Street
Suite 1100
Chicago, Illinois 60603-5317
Ph: 312.368.4554
mmb@lefltd.com

Attorney for Defendant

Dated this 7th day of November, 2022

**CERTIFICATE OF SERVICE**

The undersigned states that on November 7, 2022 she caused to be served a copy of the foregoing to all parties listed below by email transmission before the hour of 5:00 p.m. from 33 West Monroe Street, Chicago, IL 60603.

By: /s/ *Michelle M. Bracke, Esq.*
Michelle M. Bracke, Esq.

Robin Letchinger, Esq.
Peter G. Danos, Esq.
Croke Fairchild Duarte & Beres
180 N. LaSalle Street
Suite 2750
Chicago, Illinois 60601
rletchinger@crokefairchild.com
pdanos@crokefairchild.com