UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PORTAGE THEATER, LLC<br><br>Plaintiff,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY,<br><br>Defendant. | Case No. 1:22cv04844<br><br>Judge Gary Feinerman |

**PORTAGE THEATER'S RESPONSE TO GENERAL STAR'S**
**FIRST SET OF INTERROGATORIES**

Plaintiff/Counter-Defendant, Portage Theater, LLC ("Portage Theater"), by its attorneys, hereby responds and objects to Defendant/Counter-Plaintiff General Star Indemnity Company's ("General Star") First Set of Interrogatories ("Interrogatories" or "Interrogatory") to Portage Theater as follows:

**GENERAL OBJECTIONS**

1. Portage Theater's response to any Interrogatory is not an admission or acknowledgement that such Interrogatory calls for information that is relevant to the subject matter of this action and is without prejudice to Portage Theater's right to contend at trial or in any other subsequent proceeding that such response is inadmissible, irrelevant, and/or not the proper basis for discovery.

2. Portage Theater objects to the Interrogatories, including the Definitions and Instructions thereto, to the extent they improperly expand, alter, or modify the scope of permissible discovery under the Federal Rules of Civil Procedure and/or any other applicable rules.

3. Portage Theater objects to the extent the Interrogatories seek disclosure of



**EXHIBIT B**

information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege, doctrine, or immunity. The inadvertent disclosure of any information that is confidential, privileged, was prepared in anticipation of litigation or for trial, or is otherwise irrelevant and/or immune from discovery shall not constitute waiver of any such privilege or of any ground for objection to discovery with respect to such information, the subject matter of the information, or of Portage Theater's rights to object to the use of any such information during any such subsequent proceeding in this action or elsewhere.

4. Portage Theater objects to the Interrogatories to the extent they seek information that is not readily available to Portage Theater.

5. Portage Theater objects to the Interrogatories to the extent that they are not limited by a relevant time period

6. Nothing contained in any response herein shall be deemed to be an admission, concession, or waiver by Portage Theater as to the validity of any claim asserted by any party in this action.

7. Portage Theater objects to the defined term "Identify" as overbroad and unduly burdensome to the extent that, when used in reference to an individual, it calls for disclosure of individuals' "present or last known home and business address, including street name and number, city or town and zip code … last known position, job title, and job description … present or last known home and business phone number."

8. Portage Theater objects to the defined term "Identify" as overbroad and unduly burdensome to the extent that, when used in reference to a document, it calls for "the name and date of the document; the name and address of the person or persons originating the document; the name and address of the person or persons to whom the document is addressed; the names and

addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the documents."

9. Portage Theater's objections as set forth herein are made without prejudice to Portage Theater's right to assert any additional or supplemental objections or reservations should Portage Theater discover additional grounds for such objections or reservations. Further, an objection to an Interrogatory shall not be construed to indicate that information responsive to that Interrogatory actually exists. Similarly, an undertaking to respond to an Interrogatory shall not be construed to indicate that any such information exists.

10. Portage Theater's responses to the Interrogatories are based upon a diligent investigation by Portage Theater and its counsel, but reflect only the present, preliminary state of that investigation. Portage Theater has not completed: (a) an investigation of the facts relating to this action; (b) discovery in this action; or (c) preparation for trial. Portage Theater's responses to the Interrogatories are based upon information presently known and available to Portage Theater and are given without prejudice to Portage Theater's right to further supplement or otherwise amend these responses prior to trial, or to produce evidence based on subsequently discovered information.

## RESPONSES TO INTERROGATORIES

Subject to and without waiving its General Objections, all of which are incorporated in each Response below, Portage Theater responds as follows:

1. Please identify the person answering these interrogatories and all persons who provided information included in those answers.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this

Interrogatory because it seeks information that is protected by the attorney work product doctrine. Portage Theater further objects to the defined termed "Identify" as overbroad to the extent that, when used in reference to an individual, it calls for disclosure of individuals' "present or last known home and business address, including street name and number, city or town and zip code … present or last known home and business phone number."

Without waiving any of its general or specific objections, Portage Theater states that undersigned counsel worked with Manuel Gliksberg and James Doherty of Portage Theater, in answering these interrogatories.

2. Please identify all persons who participated in the reporting, preparation, and/or presentation of the claims Portage Theater submitted to General Star.

**RESPONSE:** Subject to the foregoing General Objection, Portage Theater objects to this Interrogatory because the meaning of "presentation" is unduly vague and unclear. Without waiving any of its general or specific objections, Portage Theater identifies:

- Manuel Gliksberg, Manager.
- Jameel Dabney, Controller.
- James Doherty, Project Manager.
- Jim Reynolds, an agent at Olson Insurance Group ("Olson Insurance")
- Steve Reynolds, an agent at Olson Insurance
- Laura Hovorka, an agent at Olson Insurance
- Brenna Norder, an agent at Olson Insurance
- Ernesto Martinez, an agent at Olson Insurance
- Tamara Okorn, an agent at Olson Insurance

Messrs. Gliksberg, Dabney, and Doherty should be contacted through undersigned counsel.

3. Please state the date on which Portage Theater first became aware of wind damage to the roof of the Insured Premises caused by the August 10, 2020 derecho.

**RESPONSE:** Without waiving any of its general or specific objections, Portage Theater states it first became aware of the wind damage to the building located at 4050 N. Milwaukee Avenue's ("Insured Premise") roof on August 11, 2020.

4. Please state the date on which the Wind Damage claim was reported to General Star by Portage Theater, and the method of notice.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to the definition of "Wind Damage claim." Portage Theater filed an insurance claim under Policy no. IMA379181 for the period of June 11, 2020, to June 11, 2021 (the "General Star Policy") stemming from damages caused by the August 10, 2020, derecho ("Derecho"). General Star thereafter processed Portage Theater's claim with two claim numbers for the same Derecho event – one for the roof damage and the second for the interior damage.

Without waiving any of its general or specific objections, Portage Theater states that the wind damage sustained to the roof was reported to General Star on August 14, 2020, via email from Laura Hovorka of Olson Insurance to General Star's Claims Department.

5. Please state the date on which Portage Theater first became aware of the damage or loss to the Insured Premises that is the subject of the Water Damage claim.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to the definition of "Water Damage claim." Portage Theater filed an insurance claim under the General Star Policy stemming from damages caused by the Derecho. General Star thereafter processed Portage Theater's claim with two claim numbers for the same Derecho event – one for the roof damage and the second for the interior damage.

Without waiving any of its general or specific objections, Portage Theater states that James Doherty noticed water staining on the plaster ceiling approximately one month after the Derecho. Portage Theater further states that it noticed portions of the ceiling began to collapse towards the end of November 2020. Investigation continues.

6. Please state the date on which the Water Damage claim was reported to General Star by Portage Theater, and the method of notice.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to the definition of "Water Damage claim." Portage Theater filed an insurance claim under the General Star Policy stemming from damages caused by the Derecho. General Star thereafter processed Portage Theater's claim with two claim numbers for the same Derecho event – one for the roof damage and the second for the interior damage.

Without waiving any of its general or specific objections, Portage Theater states that the interior damage as caused by the Derecho was reported to General Star on December 4, 2020, via email from Laura Hovorka of Olson Insurance to General Star's Claims Department.

7. Please identify all communications between Portage Theater and L.J. Shaw related to the Wind Damage Claim.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to the definition of "Wind Damage claim." Portage Theater filed an insurance claim under the General Star Policy stemming from damages caused by the Derecho. General Star thereafter processed Portage Theater's claim with two claim numbers for the same Derecho event – one for the roof damage and the second for the interior damage. Portage Theater further objects to this Interrogatory because it is overly broad and unduly burdensome insofar as it asks Portage Theater to identify, for each specified communication, "the name and date of the document; the name and address of the person or persons

originating the document; the name and address of the person or persons to whom the document is addressed; the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the documents."

Without waiving any of its specific or general objections, Portage Theater will produce documents containing information responsive to this Interrogatory.

8. Please identify all communications between Portage Theater and L.J. Shaw related to the Water Damage Claim.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to the definition of "Water Damage Claim." Portage Theater filed an insurance claim under the General Star Policy stemming from damages caused by the Derecho. General Star thereafter processed Portage Theater's claim with two claim numbers for the same Derecho event – one for the roof damage and the second for the interior damage. Portage Theater further objects to this Interrogatory because it is overly broad and unduly burdensome insofar as it asks Portage Theater to identify, for each specified communication, "the name and date of the document; the name and address of the person or persons originating the document; the name and address of the person or persons to whom the document is addressed; the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the documents."

Without waiving any of its specific or general objections, Portage Theater will produce documents containing information responsive to this Interrogatory.

9. Please identify all communications between Portage Theater and General Star between 2018 and the present.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Interrogatory because it is overly broad and unduly burdensome insofar as it asks Portage Theater to identify, for each specified communication, "the name and date of the document; the name and address of the person or persons originating the document; the name and address of the person or persons to whom the document is addressed; the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the documents."

Without waiving any of its specific or general objections, Portage Theater will produce non-privileged documents relating to the General Star Policy, along with communications in connection with the Insured Premises as it relates to the roof and interior damages claim as caused by the Derecho.

10. Please identify all communications between Portage Theater and Olson Insurance Group between 2018 and the present.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Interrogatory because it is overly broad, seeks information not relevant to the claims or defenses in this action, and seeks information outside the relevant time period, Portage Theater further objects to this Interrogatory because it is overly broad and unduly burdensome insofar as it asks Portage Theater to identify, for each specified communication, "the name and date of the document; the name and address of the person or persons originating the document; the name and address of the person or persons to whom the document is addressed; the names and addresses of all persons to whom copies of the documents were to have been sent; and the organization, firm or agency with which any such persons were connected as of the date of the documents."

Without waiving any of its general or specific objections, Portage Theater will produce

responsive documents relating to the General Star Policy, along with communications in connection with the Insured Premises as it relates to the roof and interior damages claim as caused by the Derecho.

11. Please identify all communications between Portage Theater and Tilden Roofing between 2018 and the present.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Interrogatory because it is overly broad, seeks information not relevant to the claims or defenses in this action, seeks information outside the relevant time period. Without waiving any of its general or specific objections, Portage Theater will produce such documents to the extent they exist as it relates to the roof and interior damages caused by the Derecho.

12. Please state the date Perez Roofing first began repairs to the roof of the Insured Premises, and the date the repairs were completed.

**RESPONSE:** Without waiving any of its general or specific objections, Portage Theater states that Pérez Roofing began working on the roof on July 26, 2021, when it completed approximately 90% of the project within a few months. The cellular company needed to move cables from the cellular tower of the roof, however, to finish the final 10%. Despite contacting the cellular company in July 2021, the cellular company did not move the cables until November 2021. Pérez Roofing subsequently completed the remaining work by January 2022.

13. Please identify each and every measure taken to protect the Insured Premises from August 10, 2020 to July 26, 2021.

**RESPONSE:** Without waiving any of its general or specific objections, Portage Theater states that James Doherty obtained a 50’ x 50’ tarp and fastened it to the gutter ties with bungee cords in a reasonable effort to cover the exposed area of the roof. It took Mr. Doherty roughly the entire

day on or around August 12/13, 2020, to secure the tarp adequately and appropriately over the damaged portions of the roof.

14. With respect to Portage Theater's claim that it placed tarps on the roof after the August 10, 2020 derecho storm, please state: (a) the date tarps were placed on the roof; (b) the date(s), if any, that the tarps were replaced and/or resecured; (c) on what date the tarps were removed; and (d) the name and address of each and every person who worked or assisted in placing, replacing, resecuring or removing the tarps on the roof.

**RESPONSE:** Without waiving any of its general or specific objections, Portage Theater states that James Doherty placed a 50' x 50' tarp and fastened it to the gutter ties with bungee cords in a reasonable effort to cover the exposed areas of the roof on or around August 12/13, 2020. The tarp was not replaced and/or resecured. Investigation continues.

15. Please state whether any building code violations have been issued with respect to the property at 4050 N. Milwaukee Avenue or 4054 N. Milwaukee Avenue by the City of Chicago from 2018 to the present. If yes, for each, please identify: (a) the date of such violation(s); (b) the nature of such violation; (c) the date of correction of the violation, if applicable.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Interrogatory because it seeks information not relevant to the claims or defenses in this action.

16. Please state whether Portage Theater, or anyone on its behalf, has applied for any grants or taxpayer increment funding from 2018 to the present. If yes, please identify all documents and communications relating to such application.

**ANSWER:** Subject to the foregoing General Objections, Portage Theater objects to this Interrogatory because it seeks information not relevant to the claims or defenses in this action.

17. Please state whether Portage Theater, or anyone on its behalf, has obtained any

grants or taxpayer increment funding from 2018 to the present. If yes, please identify all documents and communications relating to such grants or funding.

**ANSWER:** Subject to the foregoing General Objections, Portage Theater objects to this Interrogatory because it seeks information not relevant to the claims or defenses in this action.

18. Please identify any and all exterior or interior renovations, repairs, alterations, renovation, or other work performed at the Insured Premises between 2018 and the present.

**ANSWER:** Portage Theater objects to this Interrogatory because it seeks information that is not relevant to the claims or defenses and further seeks information outside the relevant time period. Without waiving any of its general or specific objections, Portage Theater states:

- In Summer 2021, Portage Theater completed masonry work to the Insured premises.
- From Summer 2021 to start of Winter 2021, Portage Theater completed tuckpointing work to the Insured Premises. Throughout that time, Portage Theater also installed new gutters.
- Portage Theater completed repair work to the roof by January 2022.
- On or around November 2022, Portage Theater replaced a gas line.

19. Please identify any and all insurance policies issued to Portage Theater or other entity that provided insurance coverage for the Insured Premises from 2018 to the present.

**ANSWER:** Subject to the foregoing General Objections, Portage Theater objects to this Interrogatory because it seeks information not relevant to the claims or defenses in this action. Without waiving any of its general or specific objections, Portage Theater will produce the General Star Policy.

Dated: December 7, 2022

Respectfully Submitted,

/s/ *Robin Letchinger*

Robin Letchinger (6204937)
Peter Danos (6331309)
CROKE FAIRCHILD DUARTE & BERES, LLC
180 N. LaSalle St., Ste. 2750
Chicago, IL 60601
rletchinger@crokefairchild.com
pdanos@crokefairchild.com
(312) 505-1424
(708) 927-6046

**CERTIFICATE OF SERVICE**

I hereby certify that on December 7, 2022, I served a true and correct copy of the foregoing upon the following through email:

Michelle M. Bracke
Leahy Eisenberg & Frankel LTD
33 West Monroe Street
Suite 1100
Chicago, Illinois 60603-5317
mmb@lefltd.com
312.345.3318

/s/ ***Robin L. Letchinger***