UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PORTAGE THEATER, LLC<br><br>Plaintiff,<br><br>v.<br><br>GENERAL STAR INDEMNITY COMPANY,<br><br>Defendant. | Case No. 1:22cv04844<br><br>Judge Gary Feinerman |

**PORTAGE THEATER'S RESPONSE TO GENERAL STAR'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiff/Counter-Defendant, Portage Theater, LLC ("Portage Theater"), by its attorneys, submits the following responses and objections to Defendant/Counter-Plaintiff General Star Indemnity Company's ("General Star") First Set of Requests for Production of Documents (the "Requests") under Federal Rule of Civil Procedure 34 as follows:

**GENERAL OBJECTIONS**

1. Portage Theater's response to any Request is not an admission or acknowledgement that such Request calls for information that is relevant to the subject matter of this action and is without prejudice to Portage Theater's right to contend at trial or in any other subsequent proceeding that any document or information produced in response is inadmissible, irrelevant, and/or not the proper basis for discovery.

2. Portage Theater objects to the Requests to the extent they seek information relating to matters that are neither raised nor relevant to the claims asserted in the pleadings in this action on the grounds that such information is neither relevant to this action nor reasonably calculated to lead to the discovery of admissible evidence. Any inadvertent production of information or



**EXHIBIT C**

documents not related to the subject matter of this litigation does not waive this objection.

3. Portage Theater objects to the Requests that are overly broad, unduly burdensome, oppressive, or harassing to the extent they seek documentation or information not in Portage Theater's possession, custody, or control.

4. Portage Theater objects to the Requests to the extent they seek documents, information, or admissions concerning matters that are privileged or otherwise protected from disclosure pursuant to the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity. To the extent that such information is inadvertently produced, the production of such information shall not constitute a waiver of Portage Theater's rights to assert the applicability of any privilege or immunity to the information, and any such information shall be subject to return on demand.

5. Portage Theater objects to the Requests to the extent they seek cumulative or duplicative information.

6. Portage Theater objects to the Requests to the extent they call for production of documents containing confidential information unrelated to the case.

7. Portage Theater objects to the Requests to the extent they are not reasonably limited in time or seek documents outside the time period relevant to the present litigation.

8. Portage Theater objects to the Requests to the extent they are inconsistent with or go beyond the requirements of the Federal Rules of Civil Procedure and other applicable law.

9. The responses and objections of Portage Theater are hereby made without waiver of, and intentional preservation of:

a. All questions as to competence, relevance, authenticity, materiality, and admissibility as evidence for any purpose, of the responses and answers or

the subject matter hereof, in any aspect of this or any other court action or judicial or administrative proceedings or investigation;

b. The right to object on any ground to the use of said responses, or the subject matter thereof, in any aspect of this or any other court action or judicial or administrative proceedings or investigation;

c. The right to object on any ground at any time to other requests for production, requests for admission or other discovery procedures involving or relating to the subject matter of these Requests.

10. To the best of Portage Theater's knowledge, the responses contained herein are true and correct at this particular time, but are subject to correction and modification as new facts may be discovered. Portage Theater's objections as set forth herein are made without prejudice to Portage Theater's right to assert any additional or supplemental objections or reservations should Portage Theater discover additional grounds for such objections or reservations.

11. Any objection to a Request shall not be construed to indicate that documents responsive to that Request exist. Similarly, an undertaking to respond to a Request shall not be construed to indicate that any such responsive document exists.

12. In addition to these General Objections, Portage Theater has specific objections to certain Requests as set forth below. Portage Theater does not waive any of these General Objections that may also be applicable to a specific Request.

13. By making general and specific objections, Portage Theater does not waive other objections that might be applicable or become applicable at some point in the future. Portage Theater expressly reserves the right to assert additional objections which may become apparent in the course of the production of documents.

**OBJECTIONS AND RESPONSES TO REQUESTS**

Subject to and without waiving its General Objections, all of which are incorporated in each Response below, Portage Theater responds as follows:

1. Please produce any and all documents or communications referred to in Portage Theater's responses to General Star's First Set of Interrogatories, or reviewed or relied upon in answering General Star's First Set of Interrogatories.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request as vague and ambiguous insofar as it seeks all documents "referred to" in Portage Theater's responses to General Star's First Set of Interrogatories. Without waiving any of its general or specific objections, Portage Theater will produce non-privileged documents responsive to this Request.

2. Please produce any and all documents related to the Wind Damage Claim including, but not limited to, correspondence, communications, notes, photographs, estimates, analyses, reports, valuations, proposals, invoices, bills, receipts, or calculations.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to the definition of "Wind Damage Claim." Portage Theater filed an insurance claim under Policy No. IMA379181 for the period of June 11, 2020, to June 11, 2021 (the "General Star Policy") stemming from damages caused by an August 10, 2020, derecho (the "Derecho"). General Star thereafter processed Portage Theater's claim with two claim numbers for the same Derecho event – one for the roof damage and the second for the interior damage. Without waiving any of its general or specific objections, Portage Theater will produce non-privileged documents responsive to this Request.

3. Please produce any and all documents related to the Water Damage Claim

including, but not limited to, correspondence, communications, notes, photographs, estimates, analyses, reports, valuations, proposals, invoices, bills, receipts, or calculations.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to the definition of "Water Damage Claim." Portage Theater filed an insurance claim under the General Star Policy stemming from damages caused the Derecho. General Star thereafter processed Portage Theater's claim with two claim numbers for the same Derecho event – one for the roof damage and the second for the interior damage. Without waiving any of its general or specific objections, Portage Theater will produce non-privileged documents responsive to this Request.

4. Please produce any and all communications between Portage Theater and Bayit Builders.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request because it seeks information not relevant to the claims or defenses in this action and seeks information outside of the relevant period. Without waiving any of its general or specific objections, Portage Theater will produce documents that relate to the roof and interior damages claim as caused by the Derecho.

5. Please produce any and all communications between Portage Theater and L.J. Shaw.

**RESPONSE:** Without waiving any of its general or specific objections, Portage Theater will produce non-privileged documents responsive to this Request.

6. Please produce any and all insurance policies issued to Portage Theater L.L.C. and/or insuring the Insured Premises from 2018 to the present.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request because it seeks information not relevant to the claims or defenses in this action and seeks information outside of the relevant time period. Without waiving any of its general or specific objections, Portage Theater will produce the underlying General Star Policy.

7. Please produce any and all documents related to obtaining insurance coverage for the Insured Premises from 2018 to the present including, but not limited to, correspondence, applications, binders, valuations and proposals.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request because it seeks information not relevant to the claims or defenses in this action and seeks information outside of the relevant time period. Without waiving any of its general or specific objections, Portage Theater will produce documents that relate to obtaining the underlying General Star Policy.

8. Please produce any and all communications between Portage Theater L.L.C. and The Olson Group related to the Insured Premises between 2018 and the present.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request because it is overly broad, seeks information not relevant to the claims or defenses in this action, and seeks information outside of the relevant time period. Without waiving any of its general or specific objections, Portage Theater L.L.C. will produce documents relating to the General Star Policy, along with documents in connection with the building located at 4050 N. Milwaukee Avenue (the "Insured Premises") as it relates to the roof and interior damages claim as caused by the Derecho.

9. Please produce any and all documents or communications related to grants, tax increment financing or other potential or actual funding for the Insured Premises including, but

not limited to, any documents or communications identified in response to General Star's First Set of Interrogatories ¶¶16-17

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request because it seeks information not relevant to the claims or defenses in this action.

10. Please produce any and all documents or communications related to any and all building code violations issued at 4050 N. Milwaukee Avenue or 4054 N. Milwaukee Avenue from 2018 to the present, including, but not limited to, any documents or communications identified in response to General Star's First Set of Interrogatories ¶15.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request because it seeks information not relevant to the claims or defenses in this action.

11. Please produce any and all documents related to the purported placement of tarps on the roof at the Insured Premises in August of 2020 including but not limited to any and all receipts, bills, invoices, photographs, video, checks, timesheets or payroll records.

**RESPONSE:** Without waiving any of its general or specific objections, Portage Theater will produce any such documents to the extent they exist.

12. Please produce any and all proposals, estimates, invoices, reports, bills, or receipts for work performed or proposed at the Insured Premises from 2018 to the present including, but not limited to, any documents or communications identified in response to General Star's First Set of Interrogatories ¶18.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request because it is overly broad, seeks information not relevant to the claims or defenses in this action, and seeks information outside of the relevant time period. Without waiving any of

its general or specific objections, Portage Theater will produce responsive documents relating to the Insured Premises in connection with the roof and interior damages claim as caused by the Derecho.

13. Please produce any and all communications between Portage Theater and any roofing company, including but not limited to Tilden Roofing and Perez Roofing.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request because it is overly broad, seeks information not relevant to the claims or defenses in this action, and seeks information outside of the relevant time period. Without waiving any of its general or specific objections, Portage Theater agrees to produce such documents to the extent they exist.

14. Please produce any and all documents or communications related to any lawsuits filed with respect to the Portage Theater from 2018 to the present including, but not limited to the action filed by the City of Chicago in the First Municipal District for Cook County, case no. 2021MI400464.

**RESPONSE:** Subject to the foregoing General Objections, Portage Theater objects to this Request because it seeks information not relevant to the claims or defenses in this action.

Dated: December 7, 2022

Respectfully Submitted,

/s/ *Robin Letchinger*

Robin Letchinger (6204937)
Peter Danos (6331309)
CROKE FAIRCHILD DUARTE & BERES, LLC
180 N. LaSalle St., Ste. 2750
Chicago, IL 60601
rletchinger@crokefairchild.com

pdanos@crokefairchild.com
(312) 505-1424
(708) 927-6046

## CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2022, I served a true and correct copy of the foregoing upon the following through email:

Michelle M. Bracke
Leahy Eisenberg & Frankel LTD
33 West Monroe Street
Suite 1100
Chicago, Illinois 60603-5317
mmb@lefltd.com
312.345.3318

/s/ ***Robin L. Letchinger***